**Reverse and Remand and Opinion Filed November 2, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00320-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**JASON CALE RIDDLE, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M1834337**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Molberg

On June 11, 2018, appellee Jason Cale Riddle was arrested, and the State obtained a search warrant authorizing the State to seize and analyze his blood. Appellee was later charged with driving while intoxicated, second offense. *See* TEX. PENAL CODE § 49.09(a). Appellee later moved to suppress two blood analyses performed as a result of the June 11, 2018 warrant. The trial court denied appellee's motion in part and granted it in part, suppressing the analysis done on June 15, 2018. The State claims the trial court erred in making that ruling. We agree and reverse and remand the cause for further proceedings.

# BACKGROUND

The June 11, 2018 warrant authorized the State to "search for, seize, and maintain as evidence . . . blood" from appellee's body and "to forensically analyze the blood seized . . . for the presence of intoxicating substances." The warrant provided three days for its execution, "exclusive of the day of its issuance."

Appellee's blood was drawn on June 11, 2018, the same day the warrant was issued and returned. The State analyzed the blood on June 14, 2018, and June 15, 2018. Appellee moved to suppress both analyses after he was charged with driving while intoxicated, second offense. *See* TEX. PENAL CODE § 49.09(a).

The trial court denied appellee's motion in part and granted it in part, suppressing the June 15, 2018 analysis.[1] After that hearing, the State requested, and the trial court provided, the following findings of fact:

> 1. On January 17, 2020, the Defense brought a Motion to Suppress the blood evidence, arguing that the analysis of the blood occurred after the warrant had expired.
>
> 2. The State produced the search warrant for the blood, as well as a litigation packet that contained documentation from the laboratory that analyzed [appellee's] blood, thereby shifting the burden to the Defense,
>
> 3. The warrant stated that it was to be executed within three (3) days.
>
> 4. According to the evidence, [appellee] was arrested on June 11, 2018. The warrant to seize [his] blood was also issued on June 11, 2018, and the blood draw was performed the same day.

---

[1] The trial judge announced her rulings in the hearing on appellee's motion to suppress, stating, "Well, I will find that the execution of the blood that was performed on the 15th should be suppressed as an illegal execution. Not the 14th, but the 15th."

5.     The evidence showed that there were two analyses of the blood performed by the laboratory.  One analysis was performed on June 14, 2018 and another performed on June 15, 2018.

These findings of fact are supported by the record and are undisputed.  The trial court also issued the following conclusions of law:

1.     Article 18.07 of the Texas Code of Criminal Procedure addresses the number of days allowed for a warrant to run. Not only does 18.07(a)(3) apply to the analysis of the blood in this case, but the warrant in evidence specifically stated that it was to [be] executed within three (3) days, exclusive of its issuance and the day of its execution.[2]

2.     The first analysis, on June 14, 2018 fell within the statutory and warrant stated time allotted for the execution of the warrant.

3.     The second analysis, on June 15, 2018, was outside the running time of the warrant and constituted a second search.

4.     The Court found the analysis performed June 14, 2018 to be a legal search and is not suppressed. The admissibility of this analysis is to be determined.

5.     The Court found the analysis performed June 15, 2018 not to be a legal search.  The analysis that resulted on this day is suppressed.

**ANALYSIS**

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, where fact findings are reviewed for abuse of discretion and applications of law are reviewed de novo.  *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex.

---

[2] Based on our own review of the record, we note that the warrant did not include the phrase "exclusive of the day of its . . . execution."  Instead, the warrant provided for three days to execute, "exclusive of the date of issuance."  This difference does not impact our analysis in this case.  We include it merely in order to accurately quote the warrant in the record before us.  On this record, both the day of issuance and the day of execution were the same.

Crim. App. 2019). We will sustain a trial court's application of the law if it is correct on any applicable theory and the record reasonably supports the ruling. *Id.*

This appeal presents the purely legal question of whether the June 11, 2018 warrant was timely executed under article 18.07(a)(3). *See* CODE CRIM. PROC. art. 18.07(a)(3).[3] We conclude that it was.

In its sole point of error, the State argues the trial court abused its discretion by suppressing the June 15, 2018 analysis, when the warrant was issued, appellee's blood was drawn, and the warrant was returned on June 11, 2018, all on the same day. Appellee disagrees and also argues the State failed to preserve error.

The State preserved error by making the same argument and obtaining a contrary ruling in the trial court. TEX. R. APP. P. 33.1(a). During the motion to suppress hearing, the State argued article 18.07 of the code of criminal procedure was satisfied when the warrant was issued, appellee's blood was drawn, and the warrant was returned on June 11, 2018. The court ruled otherwise.

As to the merits of the State's argument, we recently concluded in at least two other cases that article 18.07 provides the deadline for seizing the evidence (i.e. drawing the blood), not analyzing it. *See State v. Giordano*, No. 05-19-00926-CR, 2020 WL 6110815, at *3 (Tex. App.—Dallas Oct. 16, 2020, no pet. h.) (mem. op., not designated for publication) (stating article 18.07 "merely provides the deadlines

---

[3] Article 18.07(a)(3) states, "The period allowed for the execution of a search warrant, exclusive of the day of its issuance and of the day of its execution, is: . . . or (3) three whole days if the warrant is issued for a purpose other than that described by Subdivision (1) or (2)," neither of which apply here.

for seizing the evidence, not analyzing it" and reversing order suppressing blood draw analysis); *State v. Jones*, No. 05-19-00927-CR, 2020 WL 3867201, at *2 (Tex. App.—Dallas July 9, 2020, no pet.) (mem. op., not designated for publication) (stating "execution of the warrant is the blood draw, not the . . . analysis" and reversing order suppressing blood draw analysis).

In light of *Giordano* and *Jones*, we hold that the trial court erred in suppressing the June 15, 2018 analysis in this case, when the State timely executed the warrant by seizing appellee's blood on June 11, 2018, the same day the warrant was issued. *See Giordano*, 2020 WL 6110815, at *3; *Jones*, 2020 WL 3867201, at *2; CODE CRIM. PROC. art. 18.07(a)(3). We sustain the State's sole issue.

## CONCLUSION

We reverse the trial court's ruling suppressing the evidence obtained in the June 15, 2018 analysis of appellee's blood and remand the cause for further proceedings consistent with this opinion.

/Ken Molberg/
KEN MOLBERG
JUSTICE

200320f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-20-00320-CR　　　V.

JASON CALE RIDDLE, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. M1834337.
Opinion delivered by Justice Molberg. Justices Carlyle and Browning participating.

Based on the Court's opinion of this date, the trial court's ruling suppressing the evidence obtained in the June 15, 2018 analysis of appellee's blood is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 2nd day of November, 2020.